# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE

In Re:  Paul Jason Gerlach                                    Chapter 13

      xxx-xx-8202                                              Case No.  16-24430

Debtor.

## MOTION UNDER RULE 3002.1(h)

Comes now the Debtor, by and through counsel, pursuant to Rule 3002.1(h) and would state:

1. The Chapter 13 Trustee filed a Notice of Final Cure in the case on  December 11, 2020.

2. U.S. Bank Trust National Association as a/k/a SN Servicing Corporation (hereinafter referred to as "mortgagee") filed a notice pursuant to Rule 3002.1(c) on December 31, 2020 claiming that **$1,967.32 (less $497.81 in unapplied funds)** in fees, expenses, and, or charges were incurred after the case was filed that are recoverable against the Debtor or against the collateral.

3. That the Debtor's Chapter 13 plan provides for payment or mortgagee's claim pursuant to 11 U.S.C. § 1322(b)(5).

4. The Debtor contends that the payment of said amounts are not particularized by mortgagee and that an examination of the Chapter 13 Trustee's records indicates the mortgagee's proof of claim has been paid in full.  In addition, the trustee's records indicate that all ongoing mortgage payments owed to mortgagee under the plan have been paid in full and are current.

5. The Debtor asks that the court determine under F.B.P.R. 3002.1(h) that the mortgage default has been cured and all required post-petition amounts have been paid.

6. That mortgagee be required to respond to this motion by January 21, 2021 .

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that:

1. The Court to determine that the payment of said fees, expenses, and, or other charges as set forth in the mortgagee's Response to Final Cure are not owed by the Debtor as said fees, expenses, and, or other charges have been paid in full through the chapter 13 plan;

2. That the Court preclude mortgagee from collecting same against the Debtor or against the collateral, or presenting the disputed information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was

      substantially justified or is harmless;

3. To determine what charges, if any, are recoverable by mortgagee against the Debtor or against the collateral to resolve this motion;

4. Alternatively, to modify the plan to provide for payment of any recoverable amounts, to pay said amounts as an arrears claim and to prohibit mortgagee from collecting said amounts in any way that is inconsistent with this order, including but not limited to, through any adjustment in the amount of the ongoing mortgage payment;

5. That mortgagee be required to respond to this motion by January 21, 2021 or be barred from doing so thereafter;

6. That the Debtor be awarded a reasonable attorney fee; and

7. For such other and further relief to which the Debtor may be entitled.

Respectfully submitted,

**JIMMY E. MCELROY AND ASSOCIATES**

s/ Joseph D. Fox
Joseph D. Fox, B.P.R.No. 15809
Attorney for Debtor
200 Jefferson Ave., Suite 125
Memphis, TN  38103
(901) 527 - 4110

Service to:
Debtor
Debtor's Attorney
Case Trustee

Spec Loan Sv
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Specialized Loan Servicing
323 Fifth Street
Eureka, CA 95501

United Agent Group, Inc.
205 Powell Place
Brentwood, TN 37027

Edward D. Russell
The SR Law Group
PO Box 128
Mt. Juliet, TN 37121

Richard B. Maner,
Attorney for Specialized Loan Servicing LLC
5775 Glenridge Drive Building D, Suite 100,
Atlanta, GA 30328

## Certificate of Service

I, Joseph D. Fox, attorney for Debtor, do hereby certify that I have this day mailed or transmitted electronically a true and correct copy of the above pleading as hereinabove indicated.

So certified, this January 6, 2021.

/s/ Joseph D. Fox
Joseph D. Fox, # 15809